**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRENCE W.,<br>Plaintiff,<br>v.<br>FRANK BISIGNANO, Commissioner of Social Security Administration,<br>Defendant. | Case No. 2:25-cv-07751-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION

On August 19, 2025, plaintiff Terrence W. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking review of a denial of a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). The parties have fully briefed the matter in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision, whether the administrative law judge ("ALJ") properly considered plaintiff's subjective symptom testimony. Plaintiff's Opening Brief ("P. Mem.") at 4-10; *see* Defendant's Brief ("D. Mem.") at 2-8.

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly considered plaintiff's subjective testimony. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was 56 years on his alleged disability onset date. AR at 84, 98. Plaintiff attended two years of college and has past relevant work as a security guard. AR at 41, 79.

On February 24, 2022, plaintiff filed applications for a period of disability, DIB, and SSI, alleging disability due to a back problem, hypertension, a left leg problem, and a lower lumbar problem. AR at 85, 99. The applications were denied initially and upon reconsideration, after which plaintiff filed a request for a hearing. AR at 176-80, 186-94.

On December 8, 2023, plaintiff, represented by counsel, appeared and testified at a telephonic hearing before the ALJ. AR at 35-64. The ALJ also heard testimony from Ronald Hatakeyama, a vocational expert. AR at 60-63. On March 29, 2024, the ALJ denied plaintiff's claims for benefits. AR at 148-57. Plaintiff filed a request for review and the Appeals Council remanded the case on August 7, 2024 for resolution of the following issues: (1) the hearing recording was partially inaudible; (2) the ALJ did not adequately evaluate plaintiff's past relevant work as a composite job; and (3) the vocational expert's testimony was inconsistent with the Dictionary of Occupational Titles. AR at 162-66.

On January 31, 2025, plaintiff, represented by different counsel, appeared and testified at a second hearing before the ALJ. AR at 65-83. The ALJ also heard testimony from Joy Yoshioka, a vocational expert. AR at 79-82. On February 27, 2025, the ALJ denied plaintiffs' claims for benefits. AR at 17-27.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since January 30, 2022, the alleged onset date. AR at 19.

At step two, the ALJ found plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine with status post laminectomy and morbid obesity. AR at 20.

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1. *Id*.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b),[2] with the limitations that he could: occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; and occasionally balance, stoop, knee, crouch, and crawl. AR at 21.

The ALJ found, at step four, that plaintiff could perform his past relevant work as a security guard. AR at 26. Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act. *Id*.

Plaintiff filed a timely request for review of the ALJ's decision, which the Appeals Council denied. AR at 1-3. The ALJ's decision stands as the final decision of the Commissioner.

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and "requires a good deal of walking or standing." 20 C.F.R. §§ 404.1567(b), 416.967(b).

## III.

## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff contends the ALJ failed to properly consider his subjective testimony about his back pain. P. Mem. at 4-10. Specifically, plaintiff argues the ALJ did not provide clear and convincing reasons for discounting his testimony. *Id.*

The court looks to Social Security Ruling ("SSR") 16-3p for guidance on evaluating plaintiff's alleged symptoms. In adopting SSR 16-3p, the Social Security Administration sought to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017).

> [SSR 16-3p] makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms, and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness.

*Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (cleaned up).

To evaluate a claimant's symptom testimony, the ALJ engages in a two-step analysis. *Christine G. v. Saul*, 402 F. Supp. 3d 913, 921 (C.D. Cal. 2019) (citing *Trevizo,* 871 F.3d at 678). First, the ALJ must determine whether the claimant produced objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Id*. Second, if the claimant satisfies the first step and there is no evidence of malingering, the ALJ must evaluate the intensity and persistence of the claimant's symptoms and determine the extent to which they limit her ability to perform work-related activities. *Id*.

In assessing intensity and persistence, the ALJ may consider: the claimant's daily activities; the location, duration, frequency, and intensity of the symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication taken to alleviate the symptoms; other treatment received; other measures used to relieve the symptoms; and other factors concerning the claimant's functional limitations and restrictions due to the symptoms. *Id*. (citing 20 C.F.R. § 416.929); SSR 16-3p at *4; *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). To reject the claimant's subjective symptom statements at step two, the ALJ must provide "specific, clear, and convincing"

reasons, supported by substantial evidence in the record, for doing so. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014); *Smolen*, 80 F.3d at 1281, 1283-84.

At the first step, the ALJ here found plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR at 22. At the second step, because the ALJ did not find any evidence of malingering, the ALJ was required to provide clear and convincing reasons for discounting plaintiff's testimony. The ALJ discounted plaintiff's testimony because his statements were not entirely consistent with the medical and non-medical evidence, specifically: (1) his symptom testimony was inconsistent with the objective medical findings; (2) he failed to seek additional treatment; (3) his alleged symptoms were inconsistent with other statements in the record; and (4) his alleged limitations were inconsistent with his activities of daily living. AR at 22-24; *see Kauffman v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (court looks at all the pages of the ALJ's decision).

At the December 8, 2023 hearing, plaintiff testified that he suffered from back pain and numbness in the left leg. AR at 48. Plaintiff testified that he took over the counter Tylenol for the pain. AR at 53. Plaintiff represented that he could only stand or walk for 15 minutes at a time, sit for 20 minutes at a time, could do household chores but was limited by his standing ability, went to the laundromat, could shop for groceries, and could carry four pounds comfortably. AR at 48, 52-55. Plaintiff stated he had good days and bad days. AR at 55-56. Plaintiff testified that he worked as a salesperson in 2023 and would have continued to work for the company had he not been terminated. *See* AR at 42-44.

At the January 31, 2025 hearing, plaintiff testified that his condition had gotten "a little worse" because he does not have the pain care he needs. AR at 76. Plaintiff further testified that he is "always looking for a job" and submits applications. AR at 77.

The ALJ's first reason for discounting plaintiff's testimony was the limitations are not supported by the objective medical evidence. AR at 22-24; *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (the lack of objective medical evidence to

corroborate pain allegations is one factor the ALJ may consider in evaluating a claimant's subjective testimony). The ALJ noted plaintiff underwent a bilateral L4 and L5 laminectomy in January 2022, with a post-operative diagnosis of L4-5 stenosis, back pain, and left greater than right lumbar radiculopathy. AR at 22; *see* AR at 636. Then ALJ then referenced plaintiff's May 2022 diagnostic images, which showed mild lumbar spondylosis and otherwise normal findings. AR at 22, 24; *see* AR at 696. The ALJ further noted that while the August 2022 consultative examiner observed decreased range of motion of the lumbar spine, tingling to the left leg, a positive straight leg raise test on the left, and an antalgic gait, the January 2023 consultative examiner's findings reflected noted improvement. AR at 22, 24; *see* AR at 712-713. The January 2023 consultative examiner observed full range of motion of the lumbar spine, a negative straight leg raise test, and normal gait. AR at 22, 24; *see* AR at 717-18. Thus, there was substantial evidence that the objective medical findings did not support the alleged severity of plaintiff's symptoms.

Second, the ALJ rejected plaintiff's testimony because he stopped seeking treatment. AR at 22; *see Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (in assessing subjective testimony, the ALJ may consider the unexplained failure to seek treatment). The ALJ noted that when plaintiff complained his symptoms had returned in July 2022, his neurosurgeon provided him different treatment options, including a spinal cord stimulator. AR at 22; *see* AR at 692. In November 2022, plaintiff opted to proceed with the spinal cord stimulator option; however, there were no note of further treatment for his back after that visit. AR at 22; *see* AR at 736. The record supports the ALJ's findings. Indeed, a record request to plaintiff's neurosurgeon reflects there are no records after November 2022. *See* AR at 739. Plaintiff does not explain why he stopped seeking treatment for his back pain. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (failure to seek treatment may be a basis for an adverse credibility finding unless there was a good reason for not doing so). Thus, the ALJ's second reason for discounting plaintiff's subject testimony was clear and convincing and supported by substantial evidence.

Third, the ALJ discounted plaintiff's testimony because it was inconsistent with other statements in the record. *See* AR at 23. The ALJ noted that plaintiff reported a return of his pre-operative symptoms in July 2022. AR at 22. But after November 2022, plaintiff stopped seeking treatment from his neurosurgeon and instead continued to receive treatment from his primary care physician. *See* AR at 22-23. The ALJ noted plaintiff then did not complain of back pain until July 26, 2024, when he reported he had much less back pain these days, had a good response to his January 2022 surgery, and was functioning fairly well. AR at 23; *see* AR at 747. Indeed, none of the treatment records after November 2022, reflect complaints about back pain except to mention that plaintiff is seeking disability for back pain, is in much less pain, and is functioning fairly well. *See* AR at 721-32, 745-86; *see also Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023) (a gradual improvement in functioning is a clear and convincing reason for discounting testimony). The inconsistency between plaintiff's lack of complaints and representations that he was "functioning fairly well" throughout 2023 and his hearing testimony is a clear and convincing reason to discount plaintiff's subjective testimony.

Finally, the ALJ found plaintiff's activity level was inconsistent with his alleged limitations. AR at 23-24; *see Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (an ALJ may consider inconsistencies between a claimant's testimony and conduct). Specifically, the ALJ noted plaintiff testified he had limitations in his ability to perform household tasks and chores, but he was able to do laundry, prepare simple meals, do grocery shopping, and drive independently. AR at 23-24; *see* AR at 52-55, 712, 716. Although "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [his] credibility as to [his] overall disability," here plaintiff's activity level appears to be inconsistent with the degree of limitations he alleges. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Moreover, the ALJ further noted that plaintiff was able to work for at least part of the relevant period. AR at 23. While brief periods of work generally are not sufficient to discount a plaintiff's testimony, an ALJ

may consider work that did not constitute substantial gainful activity in the credibility analysis when it is inconsistent with his alleged limitations. *See Nadon v. Bisignano*, 145 F.4th 1133, 1136-37 (9th Cir. 2025) (an ALJ is permitted to consider any work done by a claimant, regardless of whether it constitutes substantial gainful activity); *see, e.g., Kephart v. Colvin* , 2014 WL 2557676, at *3-4 (C.D. Cal. June 6, 2014) (although plaintiff's work did not constitute substantial gainful activity, it was a clear and convincing reason to discount her credibility because it shows her daily activities were greater than reported and inconsistent with her limitations); *Griffin v. Colvin* , 2014 WL 128091, at *3 (C.D. Cal. Jan. 9, 2014) (ALJ properly considered plaintiff's work activity, even that which did not constitute substantial gainful activity, in her credibility assessment because it demonstrated that plaintiff's daily activities exceeded her claimed limitations). Here, not only was plaintiff able to work for a brief period, he testified that he would have continued to work had he not been terminated, he was always looking for a job, and he was submitting applications for work. AR at 44, 76. The evidence may thus reasonably support affirming the ALJ's finding and the court will not substitute its judgment.

In sum, the ALJ cited four clear and convincing reasons supported by substantial evidence for discounting plaintiff's subjective testimony.

## V.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

Dated: September 30, 2026

SHERI PYM
United States Magistrate Judge